UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANESSA WEISS,

                Plaintiff,

    v.

PREMIER TECHNOLOGIES and AT&T
CORPORATION,

                Defendants.

Civil Action No.

1:21-cv-04648

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR CHANGE OF VENUE AND TO DISMISS

BOND, SCHOENECK & KING, PLLC
Adam P. Mastroleo, Esq.
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8139
Email: amastroleo@bsk.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ...................................................................................... 2

    A.   Plaintiff's allegations regarding her employment ............................................ 2

    B.   AT&T Corporation has no relationship to Plaintiff or the facts alleged in the Complaint ....................................................................................................... 4

ARGUMENT............................................................................................................... 5

    POINT I .................................................................................................................. 5

THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK......................................... 5

    POINT II ................................................................................................................ 9

PLAINTIFF'S CLAIMS AGAINST AT&T SHOULD BE DISMISSED IN THEIR ENTIRETY ................................................................................................................. 9

    A.   Defendant AT&T Corporation has no relationship with Premier or Plaintiff . 10

    B.   The Complaint fails to sufficiently allege that any AT&T entity was Plaintiff's "joint employer".............................................................................................. 10

    C.   The Complaint fails to allege that any AT&T entity should be liable for the alleged discriminatory and retaliatory conduct.............................................. 14

CONCLUSION .......................................................................................................... 16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrews v. A.C. Roman & Assoc., Inc.*,
    914 F. Supp. 2d 230 (N.D.N.Y. Dec. 20, 2012) .............................................................. 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................... 9

*Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*,
    571 U.S. 49 (2013) ......................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 9

*Building Indus. Elec. Contractors Ass'n v. City of New York*,
    678 F.3d 184 (2d Cir. 2012) ........................................................................................... 9

*Cadilla v. MFX Solutions, Inc.*,
    No. 20-cv-5966, 2021 WL 1268339 (S.D.N.Y. Apr. 6, 2021) ................................... 5, 6

*Coleman v. Nonni's Foods, LLC*,
    No. 15-cv-2791, 2015 WL 8773467 (S.D.N.Y. Dec. 14, 2015) ................................... 16

*Conde v. Sisley Cosmetics USA, Inc.*,
    No. 11-cv-4010, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) ............................ 14, 15

*In re Domino's Pizza, Inc.*,
    No. 16-cv-2492, 2018 WL 4757944 (S.D.N.Y. Sept. 30, 2018) ................................... 13

*Employers Ins. of Wausau v. News Corp.*,
    No. 06-cv-1602, 2008 WL 4443899 (S.D.N.Y. Sept. 29, 2008) .................................... 8

*Foley v. Sammons Preston, Inc.*,
    No. 03-cv-5485, 2004 WL 35438 (S.D.N.Y. Jan. 6, 2004) ....................................... 6, 7

*Jordet v. Just Energy Solutions, Inc.*,
    404 F. Supp.3d 214 (W.D.N.Y. Dec. 7, 2020) .............................................................. 5

*Kearney v. Kessler Family LLC*,
    No. 11-cv-06016, 2011 WL 2693892 (W.D.N.Y. July 11, 2011) .......................... 11, 14

*Lima v. Addeco*,
    634 F. Supp. 2d 394 (S.D.N.Y. June 9, 2009) ............................................................. 11

*In re Livent, Inc. Noteholders Sec. Litig.*,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001) .............................................................................. 9

*Papasan v. Allain*,
  478 U.S. 265 (1986) .......................................................................................................... 9

*Popat v. Levy*,
  253 F. Supp.3d 527 (W.D.N.Y. May 19, 2017) ............................................................ 14

*Rivers v. International House of Pancakes, et al.*,
  No. 20-cv-2471, 2021 WL 860590 (S.D.N.Y. Mar. 8, 2021) ................................ 10, 13

*Sosa v. Medstaff, Inc.*,
  No. 12-cv-8926, 2013 WL 6569913 .............................................................................. 16

*Tianhai Lace USA Inc. v. Forever 21, Inc.*,
  No. 16-cv-5950, 2017 WL 4712632 (S.D.N.Y. Sept. 27, 2017) ................................... 7

*Wiley v. Paulson*,
  No. 06-cv-172, 2007 WL 9718901 (E.D.N.Y. July 23, 2007) ....................................... 7

*Wine Mkts. Int'l v. Bass*,
  930 F. Supp. 178 (E.D.N.Y. 1996) ................................................................................. 7

**Statutes**

28 U.S.C. 1404(a) .................................................................................................................... 5

28 U.S.C. § 1404(a), and ........................................................................................................ 1

42 U.S.C. 2000e-2(a) ............................................................................................................ 10

13141156.2 10/4/2021

## **PRELIMINARY STATEMENT**

Defendants Premier Technologies ("Premier") and AT&T Corporation ("AT&T") (collectively, "Defendants"), submit this memorandum of law in support of their motion to transfer the venue of this matter to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a), and to dismiss portions of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Vanessa Weiss ("Plaintiff") was employed by Premier as a Sales Representative from July 27, 2019, through December 3, 2019, when she was terminated as a result of performance issues. Plaintiff, who is a resident of Rochester, New York, worked for Premier in its Batavia, New York, and Victor, New York stores during that time period. Plaintiff alleges in the Amended Complaint that she was discriminated and retaliated against based upon her gender and sexual orientation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). Defendants dispute Plaintiff's allegations of discrimination and retaliation in their entirety. However, even if this Court assumes Plaintiff's allegations to be true, Defendants are entitled to the relief sought in this motion.

Defendants seek two types of relief. First, Defendants seek an order transferring this case to the United States District Court for the Western District of New York. According to the Complaint, Plaintiff resides in Rochester, New York. In addition, Plaintiff worked in Premier's Batavia and Victor stores, both of which are located in the Western District of New York. Almost all relevant witness are located in the Western District of New York, and all of the alleged conduct occurred in the Western District of New York. No witnesses are located in the Southern District of New York, and there is

no meaningful nexus between this action and Plaintiff's decision to file this case in the Southern District of New York, other than her attorney's office. Accordingly, this matter should be transferred to the United States District Court for the Western District of New York.

Second, Defendant AT&T seeks an Order dismissing Plaintiff's claims against it in their entirety for several reasons, including: (a) Plaintiff improperly named an AT&T entity that has no relationship with Premier or Plaintiff; (b) Plaintiff fails to allege facts to substantiate her claim that any AT&T entity was her joint employer; and (c) even if an AT&T entity was Plaintiff's joint employer, Plaintiff fails to allege facts sufficient to establish that an AT&T entity participated in or failed to appropriately respond to any discriminatory or retaliatory conduct. Plaintiff attempted to remedy these deficiencies by adding allegations into the Amended Complaint. However, Plaintiff's changes do not cure these issues and dismissal of the Amended Complaint against AT&T is appropriate.

## FACTUAL BACKGROUND[1]

### A.   Plaintiff's allegations regarding her employment

Plaintiff was employed by Premier as a Sales Representative from July 27, 2019, through December 2019. Plaintiff alleges that she worked in that capacity at Premier's "Victor" store, located at 401 Commerce Drive, Suite 200, Victor, New York 14564, and its "Batavia" store, located at 4666 Veteran's Memorial Parkway, Batavia, New York. *Id.*, ¶ 4. Both of these stores are located in the Western District of New York.

---

[1] Because this is a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the allegations in the Complaint must be accepted as true. Thus, any recitation of the facts included herewith is intended only to reflect the allegations in the Complaint and not to reflect any admission by Defendants as to the truth thereof.

2

Plaintiff alleges that she was subjected to certain discriminatory and retaliatory acts while employed at Premier's Victor and Batavia locations. Importantly, all conduct that Plaintiff alleges to be discriminatory or retaliatory occurred in or around the Victor or Batavia stores. *Id.*, ¶¶ 20 – 91. There is no allegation that any alleged conduct occurred in New York City or had any impact in the Southern District of New York.

Plaintiff also identifies several Premier employees who will be witnesses in this litigation, including: Mary Weiler, Jeffrey Carpenter, Paul Draper, Courtney Sturdy and Robin Cortese. None of these witnesses lived or worked in the Southern District of New York during the relevant time period. Declaration of Alex Mueller, dated August 2, 2021 ("Mueller Dec."), ¶ 13. In fact, from July 2019 through December 2019, all of these individuals worked at Premier locations in Manlius, New York, Batavia, New York, and Victor, New York. *Id*. In addition, two of the identified witnesses, Ms. Weiler and Mr. Draper, are no longer employed by Premier, and Premier cannot guarantee their cooperation with the litigation process. *Id.*, ¶ 14.

Furthermore, all documents and information relevant to this lawsuit is contained at Premier's headquarters in Manlius, New York, which is not located in the Southern District of New York. *Id.*, ¶ 15.

Finally, Plaintiff herself lives in Rochester, New York, which is also in the Western District of New York. Complaint, ¶ 2. Indeed, no relevant facts occurred, and no witnesses reside, within New York City or the Southern District of New York.

3

**B.      AT&T Corporation has no relationship to Plaintiff or the facts alleged in the Complaint**

In conclusory fashion, Plaintiff alleged in the original Complaint that defendant "AT&T Corporation" was her joint employer within the meaning of all relevant federal, state and local laws. (Dkt. 1, ¶¶ 6 – 7). Plaintiff made this allegation "upon information and belief" and failed to include any factual allegations to substantiate this claim. *Id*.

In the Amended Complaint, Plaintiff attempted to remedy this deficiency by adding several paragraphs, including paragraphs "7" through "12," and "62" through "63." (Dkt. 16). These paragraphs allege the following facts:

- AT&T holds itself out as the operator of Premier's business by using the AT&T logo at Premier stores, using the AT&T name in its business descriptions and email addresses (*Id*., ¶¶ 6 – 7);

- Premier advertises jobs using AT&T's name (*Id*., ¶ 9);

- An AT&T employee named Abby came to Premier's stores to review sales contacts and commented on how well Plaintiff was doing (*Id*., ¶ 62); and

- An AT&T employee named Patty worked with Plaintiff on trying to obtain sales (*Id*., ¶ 63).

However, these new allegations are directly refuted by Plaintiff's other allegations in the Complaint, as well as by an AT&T Exclusive Regional Dealer Agreement between Premier and AT&T Mobility II, LLC (the "Agreement"). Mueller Dec.,

4

Ex. A.² This is the only relevant agreement between Premier and any AT&T entity. *Id.*, ¶ 7.

> The Agreement makes clear that:
>
> The relationship created by this Agreement is that of independent contracting parties and is not any other relationship, including, without limitation, that of joint employers, a joint venture, a partnership, or a franchisor-franchisee relationship. Personnel employed by, or acting under the authority of a party to this Agreement are not employees or agents of the other party. [AT&T Mobility II, LLC] and [Premier] assume sole responsibility for the employment, compensation, discharge, and control of their own respective employees, contractors, and agents, and for ensuring their compliance with this Agreement. *See*, Ex. A, p. 3.

Rather than describing a joint employment relationship, the new allegations in the Amended Complaint further confirm the separation between AT&T and Premier and describe a relationship that is analogous to a franchisor/franchisee arrangement.

## ARGUMENT

### POINT I

### THIS ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

"Under 28 U.S.C. 1404(a), 'a district court may transfer any civil action to any other district or division where it might have been brought.'" *Cadilla v. MFX Solutions, Inc.*, No. 20-cv-5966, 2021 WL 1268339, *2 (S.D.N.Y. Apr. 6, 2021) (citing *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571

---

² Although not attached to the Complaint, the Agreement is properly considered by this Court because it is integral to Plaintiff's claims. *See Jordet v. Just Energy Solutions, Inc.*, 404 F. Supp.3d 214, 221 (W.D.N.Y. Dec. 7, 2020) (court properly considered the contract on a Rule 12(b)(6) motion because it was integral to the plaintiff's claim, even though the plaintiff did not incorporate the actual document by reference.).

U.S. 49, 134 (2013)). "Where the proposed transferee district is appropriate, a court must examine several factors to determine whether transfer is in the interest of justice." *Id.*

The factors to be considered in determining whether to transfer are: "the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice." *Id.*

"The undisputed goal of Section 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Andrews v. A.C. Roman & Assoc., Inc.*, 914 F. Supp. 2d 230, 237 (N.D.N.Y. Dec. 20, 2012) (quotations and citations omitted).

Here, the factors overwhelmingly weigh in favor of granting Defendants' motion to transfer venue to the Western District of New York. First, the convenience of witnesses heavily favors the Western District of New York. It is well established that the convenience of witnesses "is considered the single most important factor in the analysis of whether a transfer should be granted." *Foley v. Sammons Preston, Inc.*, No. 03-cv-5485, 2004 WL 35438, *3 (S.D.N.Y. Jan. 6, 2004). In the Complaint, Plaintiff identifies several Premier employees who will be witnesses in this litigation, including: Mary Weiler, Jeffrey Carpenter, Paul Draper, Courtney Sturdy and Robin Cortese. None of these witnesses lived or worked in the Southern District of New York during the relevant time period. Mueller Dec., ¶ 13. In fact, from July 2019 through December 2019, they all

6

worked at Premier locations in Manlius, New York, Batavia, New York, and Victor, New York. *Id.* In fact, there are no relevant witnesses in the Southern District of New York. *Id.*

Second, the Western District of New York is more convenient for the parties. According to the Complaint, Plaintiff resides in Rochester, New York, which is in the Western District of New York. Similarly, although Premier's corporate headquarters are in Manlius, New York (located in the Northern District of New York), they are much closer to the Western District than the Southern District. While Plaintiff may have retained counsel located in the Southern District of New York, "any inconvenience that might enure to counsel is unpersuasive and generally not a factor to consider." *Wine Mkts. Int'l v. Bass*, 930 F. Supp. 178, 182 (E.D.N.Y. 1996). As such, the Western District of New York is more convenient for the parties.

Third, the locus of operative facts, which is also a "primary factor in determining whether to transfer venue," is in the Western District of New York. *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16-cv-5950, 2017 WL 4712632, *4 (S.D.N.Y. Sept. 27, 2017). Plaintiff worked in the Western District of New York, and has alleged that all discriminatory and retaliatory conduct occurred in the Western District of New York. Plaintiff claims that she was discriminated and retaliated against while working in Premier's Victor and Batavia stores. As a result, the locus of operative facts is in the Western District of New York. *See Wiley v. Paulson*, No. 06-cv-172, 2007 WL 9718901, *4 (E.D.N.Y. July 23, 2007) (holding that the locus of operative facts in employment discrimination case was "where plaintiff worked, where she suffered the alleged effects of discrimination and retaliation, and where her employment was terminated.").

Fourth, trial efficiency, as well as the ability to compel unwilling witnesses to testify, favors venue in the Western District of New York. For example, because Mary Weiler and Paul Draper are no longer employed by Premier, they will be outside the scope of this Court's subpoena power under Fed. R. Civ. P. 45(c)(3)(A)(ii). However, these witnesses could potentially be required to attend trial if the action were transferred to the Western District of New York.

Fifth, all documents and sources of proof are located at Premier's stores in Batavia and Victor, or at its corporate headquarters in Manlius, New York (in the Northern District of New York). Mueller Dec., ¶ 16. There are no relevant documents or sources of information in the Southern District of New York.

The only factor that weighs in favor of keeping this matter in the Southern District of New York is the Plaintiff's choice of forum. Ordinarily, this factor is given significant consideration. However, "where the plaintiff has chosen a forum that is neither the district of its residence, nor the locus of the operative facts in the case, this choice is given considerably less weight." *Employers Ins. of Wausau v. News Corp.*, No. 06-cv-1602, 2008 WL 4443899, *3 (S.D.N.Y. Sept. 29, 2008). As discussed in detail above, the Plaintiff resides within the Western District of New York, and virtually all witnesses reside and operative facts occurred in the Western District. As such, this factor should be given little weight.

Based upon the foregoing, venue should be transferred to the Western District of New York.

## POINT II

## PLAINTIFF'S CLAIMS AGAINST AT&T SHOULD
## BE DISMISSED IN THEIR ENTIRETY

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In other words, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In addressing the sufficiency of a complaint, courts are required to accept the well-pleaded factual allegations contained within the complaint as true.  *Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012).  However, the court "need not credit conclusory statements unsupported by assertions of facts[,] or legal conclusions . . . presented as factual allegations." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, Plaintiff fails to state a claim against AT&T (or any AT&T entity), for several reasons.

**A.     Defendant AT&T Corporation has no relationship with Premier or Plaintiff**

As an initial matter, the Complaint must be dismissed against named defendant "AT&T Corporation," because that entity has no relationship with Premier or Plaintiff. The only AT&T entity that has a relevant relationship with Premier is AT&T Mobility II, LLC, which entered into an "AT&T Exclusive Regional Dealer Agreement" with Premier. *See* Mueller Dec., Ex. A. As such, Plaintiff incorrectly named AT&T Corporation as a defendant, and her complaint against that corporate entity should be dismissed.

**B.     The Complaint fails to sufficiently allege that any AT&T entity was Plaintiff's "joint employer"**

Even if Plaintiff had named the correct entity, her complaint against that AT&T entity should be dismissed. Plaintiff's only allegations relating to AT&T's purported liability are found in paragraphs 6 – 12, 62 and 63, of the Amended Complaint, which describe nothing more than a relationship that is analogous to a franchisor/franchise-type arrangement.

"To be held liable for employment discrimination under Title VII . . ., a defendant must have been the plaintiff's 'employer.'" *Rivers v. International House of Pancakes, et al.*, No. 20-cv-2471, 2021 WL 860590, *2 (S.D.N.Y. Mar. 8, 2021) (citing 42 U.S.C. 2000e-2(a)). It appears from the Complaint that Plaintiff is seeking to hold AT&T liable only as her "joint employer."

"Borrowed from labor law, the joint employer doctrine is triggered when 'an employee, formally employed by one entity, . . . has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity." *Id.* (citations omitted). "To prove a joint employer' relationship . . . a plaintiff must allege 'commonality of hiring, firing, discipline,

10

pay insurance, records and supervision." *Kearney v. Kessler Family LLC*, No. 11-cv-06016, 2011 WL 2693892, *5 (W.D.N.Y. July 11, 2011) (citing *Lima v. Addeco*, 634 F. Supp. 2d 394, 399-400 (S.D.N.Y. June 9, 2009)).

Here, Plaintiff fails to allege any facts that would establish any AT&T entity was her joint employer. Indeed, it is clear from the factual allegations in the Amended Complaint, as well as from the Agreement between AT&T Mobility II, LLC and Premier, that Plaintiff's only employer was Premier, and that AT&T had no role in her employment. In particular, the Complaint alleges that:

- Plaintiff applied for a job with Premier (¶ 22);
- Plaintiff interviewed with Premier's Human Resources Associate and Regional Manager (¶ 23);
- Plaintiff worked in Premier's Batavia and Victor stores (¶ 25);
- Plaintiff's supervisor and manager were Premier employees (¶ 26);
- Plaintiff allegedly brought complaints to Premier's Human Resources employee (¶¶ 40 - 41);
- Plaintiff was supervised by Premier employees (¶ 97);
- Plaintiff was terminated by Premier employees (¶ 97); and
- All alleged discriminatory and retaliatory conduct was engaged in by Premier employees (¶¶ 26 - 97).

The Amended Complaint does not allege that AT&T participated in Plaintiff's interview, hiring, firing or discipline. The Amended Complaint also does not allege that AT&T paid Plaintiff or had any authority to control her compensation or the terms of her

11

employment. The Amended Complaint also does not allege that any AT&T employee participated, in any way, in the alleged discrimination or retaliation.

Furthermore, the Agreement between AT&T Mobility II, LLC and Premier confirms that the relationship between those entities is that of an independent contractor. Mueller Dec., Ex. A, p. 3.  The Agreement states that employees of one of the contracting parties are not employees of the other, and that Premier has sole responsibility for the employment, compensation, discharge, and control of its own respective employees, contractors, and agents. *Id*.  This contractual arrangement is entirely consistent with the factual allegations in the Complaint, which do not reference any conduct by AT&T or its employees that would establish joint employment.

In the Amended Complaint, Plaintiff attempts to include allegations sufficient to establish that AT&T was her joint employer.  These new allegations include the following:

- AT&T holds itself out as the operator of Premier's business by using the AT&T logo at Premier stores, using the AT&T name in its business descriptions and email addresses (Dkt. 16, ¶¶ 6 – 7);
- Premier advertises jobs using AT&T's name (*Id.*, ¶ 9);
- An AT&T employee named Abby came to Premier's stores to review sales contacts and commented on how well Plaintiff was doing (*Id.*, ¶ 62); and
- An AT&T employee named Patty worked with Plaintiff on trying to obtain sales (*Id.*, ¶ 63).

12

However, these new allegations do nothing more than allege the existence of a relationship that is analogous to a franchisor/franchisee-type arrangement. Courts in this circuit have consistently held that such relationships do not establish joint employment." *See, e.g., Rivers*, 2021 WL 860590 at *3.

This Court's decision in *Rivers* is instructive. In that case, an employee of an IHOP franchisee, Trihop, filed a discrimination complaint against Trihop and IHOP. The defendants filed a Rule 12 motion to dismiss arguing, among other things, that the claim against IHOP should be dismissed because IHOP was not the plaintiff's employer. In opposition to the motion to dismiss, the plaintiff argued that because the plaintiff's job duties were governed by IHOP's serving protocol, and because IHOP conducted highly detailed inspections of Trihop's franchise locations, IHOP should be considered a joint employer. The plaintiff also noted that at the conclusion of IHOP's inspections, the IHOP inspector would assemble the Trihop staff and inform them what they did wrong, and what they needed to correct. This Court considered those facts and held that IHOP was not a joint employer because the complaint failed to allege that IHOP decided on or imposed disciplinary measures, controlled work schedules, supervised Trihop's work conditions beyond its inspections, or satisfied the other factors that would establish joint employment. *Id.*, at pp. 3 – 4.

Similarly, here, the fact that Premier uses AT&T branding, or has AT&T employees come to help Premier's employees with sales from time to time, does not establish a joint employment relationship. As a result, Plaintiff fails to state a claim that AT&T (or any AT&T entity) was her joint employer, and her claims against AT&T Corporation (or any AT&T entity) should be dismissed in their entirety. *See In re Domino's*

13

*Pizza, Inc.*, No. 16-cv-2492, 2018 WL 4757944, at *3 (S.D.N.Y. Sept. 30, 2018) (rejecting joing employment argument even though franchisor "on at least several occasions . . . contacted [the direct employer's] managers to request or verify that some disciplinary measure was carried out."); *Popat v. Levy*, 253 F. Supp.3d 527, 538 (W.D.N.Y. May 19, 2017) (dismissing discrimination claim because the complaint lacked any factual allegations about the degree to which the alleged joint employer played a role in any aspect of the plaintiff's employment or shared employment decisions with his actual employer); *Kearney*, 2011 WL 2693892, at *5 (dismissing discrimination claim because complaint failed to allege any commonality of hiring, firing, discipline, pay, insurance, records or supervision, and therefore failed to allege any facts that would support the plaintiff's alleged joint employment.).

C. **The Complaint fails to allege that any AT&T entity should be liable for the alleged discriminatory and retaliatory conduct**

Even if this Court finds that Plaintiff has adequately pled that an AT&T entity was her joint employer (which she has not), the Amended Complaint should still be dismissed because it fails to allege that any AT&T entity should be liable for the alleged conduct.

"'[E]ven when a plaintiff establishes an entity's status as part of a joint employer, the plaintiff must still show that the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.'" *Conde v. Sisley Cosmetics USA, Inc.*, No. 11-cv-4010, 2012 WL 1883508, *5 (S.D.N.Y. May 23, 2012) (citations omitted). "In making such a determination, 'the court should

14

consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees.'" *Id.*

The District Court's analysis in *Conde* is instructive. In that case, the plaintiff was an African-American woman who was hired by defendant Sisley Cosmetics USA, Inc. ("Sisley Cosmetics"), which operated cosmetics counters within Saks Fifth Avenue ("Saks") stores. The plaintiff alleged that she was harassed and retaliated against by Sisley Cosmetics employees based upon her race and national origin. The plaintiff sued Sisley Cosmetics as well as Saks under various federal, state and local antidiscrimination statutes. Saks moved to dismiss the plaintiff's complaint and argued, *inter alia*, that it was not plaintiff's joint employer, and even if it was, it did not engage in any discriminatory or retaliatory conduct. The court agreed with Saks and dismissed the complaint against it, holding in relevant part that the plaintiff failed to sufficiently allege Saks played any role in the discriminatory conduct. In reaching this conclusion, the court reasoned that the only suggestion of discriminatory or retaliatory conduct in the complaint was attributable to Sisley Cosmetics, not to Saks. The court also noted that there was no suggestion in the complaint that Saks knew of Sisley Cosmetics' employees' impermissible motives or conduct. *Id.*, at *6.

Similarly, here, there is no allegation that any AT&T entity knew or should have known about Premier's allegedly discriminatory or retaliatory conduct. The Amended Complaint also fails to allege that any AT&T entity's employees participated in discriminatory or retaliatory conduct toward Plaintiff. Indeed, all allegedly discriminatory or retaliatory conduct is attributable to Premier, and Plaintiff does not allege any conduct, knowledge or failure to act by AT&T. Accordingly, Plaintiff's claim against any AT&T entity

should be dismissed on this basis as well. *See Sosa v. Medstaff, Inc.*, No. 12-cv-8926, 2013 WL 6569913, at *3-4 (S.D.N.Y. Dec. 13, 2013 (dismissing claims against staffing agency because the plaintiff "has not pled any facts indicating that the [agency] should be held liable for the allegedly discriminatory and hostile conduct."); *Coleman v. Nonni's Foods, LLC*, No. 15-cv-2791, 2015 WL 8773467, *4 (S.D.N.Y. Dec. 14, 2015) (dismissing claim against alleged joint employer where the complaint failed to allege that the joint employer knew or should have known about alleged racist conduct by employees of the other joint employer).

As a result, Plaintiff's claims against AT&T should be dismissed in their entirety.

## CONCLUSION

Based on the foregoing, venue of this matter should be transferred to the United States District Court for the Western District of New York, and Plaintiff's claims against AT&T Corporation (or any AT&T entity) should be dismissed in their entirety.

Dated: October 4, 2021

BOND, SCHOENECK & KING, PLLC

By:   /s/ Adam P. Mastroleo
         Adam P. Mastroleo, Esq.
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8139
Facsimile: (315) 218-8100
Email: amastroleo@bsk.com

*Attorneys for Defendants*

16

13141156.2 10/4/2021