UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

VANESSA WEISS,

                        Plaintiff,

         v.

PREMIER TECHNOLOGIES and AT&T
CORPORATION,

                        Defendants.
_____

Civil Action No.

1:21-cv-04648

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION FOR OF CHANGE VENUE AND TO DISMISS**

BOND, SCHOENECK & KING, PLLC
Adam P. Mastroleo, Esq.
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8139
Email: amastroleo@bsk.com

13343037.1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................... 1

    POINT I ................................................................................................................... 1

    PLAINTIFF HAS NOT PROVIDED ANY VALID BASIS FOR THIS COURT TO
    MAINTAIN VENUE IN THE SOUTHERN DISTRICT OF NEW YORK ....................... 1

    POINT II .................................................................................................................. 3

    PLAINTIFF'S CLAIMS AGAINST AT&T SHOULD BE DISMISSED IN THEIR
    ENTIRETY ............................................................................................................... 3

        A.  Plaintiff's opposition ignores the fact that AT&T Corporation has no
            relationship with Premier or Plaintiff ................................................................ 3

        B.  Courts routinely grant motions to dismiss where a complaint fails to allege
            facts sufficient to establish joint employment or single employer status .......... 4

        C.  Plaintiff's opposition fails to identify any facts that would justify a finding that
            she was jointly employed by any AT&T entity or that AT&T and Premier are a
            single employer ................................................................................................ 5

        D.  The Complaint fails to allege that any AT&T entity should be liable for the
            alleged discriminatory and retaliatory conduct ................................................ 8

CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Coleman v. Nonni's Foods, LLC*,
  No. 15-cv-2791, 2015 WL 8773467 (S.D.N.Y. Dec. 14, 2015) .................................. 9

*Conde v. Sisley Cosmetics USA, Inc.*,
  No. 11-cv-4010, 2012 WL 1883508 (S.D.N.Y. May 23, 2012) ............................... 10

*Diaz v. Consortium for Worker Educ., Inc.*,
  2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) .......................................................... 4

*Duff v. Pristine Services, Inc.*,
  2021 WL 663981 (S.D.N.Y. Feb. 19, 2021) .............................................................. 4

*Employers Ins. of Wausau v. News Corp.*,
  No. 06-cv-1602, 2008 WL 4443899 (S.D.N.Y. Sept. 29, 2008) ................................ 3

*Fried v. LVI Services, Inc.*,
  2011 WL 2119748 (S.D.N.Y. May 23, 2011) ................................................... 4, 7, 8

*Hugee v. SJC Group, Inc.*,
  No. 13-cv-0423, 2013 WL 4399226 – 11 (S.D.N.Y. Aug. 14, 2013) .......................... 4

*Rivers v. International House of Pancakes, et al.*,
  No. 20-cv-2471, 2021 WL 860590 (S.D.N.Y. Mar. 8, 2021) .................................. 6, 7

*Ruiz v. New Avon LLC*,
  2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019) .......................................................... 4

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................... 1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1, 4, 5

## PRELIMINARY STATEMENT

Defendants Premier Technologies ("Premier") and AT&T Corporation ("AT&T") (collectively, "Defendants"), submit this reply memorandum of law in further support of their motion to transfer the venue of this matter to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a), and to dismiss portions of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

## POINT I

### PLAINTIFF HAS NOT PROVIDED ANY VALID BASIS FOR THIS COURT TO MAINTAIN VENUE IN THE SOUTHERN DISTRICT OF NEW YORK

In opposition to Defendants' motion to transfer venue, Plaintiff argues that this matter should remain venued in the Southern District of New York for two reasons: (1) Plaintiff at one point in her life lived within the Southern District of New York, and (2) Defendant AT&T is located in the Southern District of New York. (Plaintiff's Memo of Law, pp. 1 – 2).

Neither of these allegations provides a sufficient basis to keep this matter in the Southern District of New York. As an initial matter, Plaintiff's prior residence is wholly irrelevant to this case. Plaintiff did not reside within the Southern District of New York when any of the conduct alleged in the Complaint occurred, and she does not reside there now. There is no dispute that none of the facts alleged in the Complaint occurred in the Southern District of New York.

Similarly, the fact that Defendant AT&T, which is an international corporation, has an office within the Southern District of New York, does not warrant

venue in that District. Indeed, it is clear from the facts alleged in the Complaint that the Southern District of New York has no connection to this matter.

Plaintiff's opposition wholly ignores the following facts, which are alleged by Plaintiff:

- Plaintiff currently resides within the Western District of New York, and resided within the Western District of New York at all times relevant to the Amended Complaint.

- All relevant conduct and interactions occurred in the Western District of New York.

- Plaintiff worked for Premier in the Western District of New York, and has alleged that all discriminatory and retaliatory conduct occurred in the Western District of New York.

- None of the witnesses identified by Plaintiff in the Amended Complaint lived or worked in the Southern District of New York during the relevant time period.

- Critical witnesses will be outside the scope of this Court's subpoena power, including Mary Weiler and Paul Draper, who are no longer employed by Premier.[1]

Finally, to the extent Plaintiff is asking this Court to abide by her choice of venue, it is clear that her choice should be given very little weight. Indeed, it is well-established that "where the plaintiff has chosen a forum that is neither the district of [her]

---

[1] Plaintiff also submits a declaration in opposition to the current motion from alleged witness Mary Honora McCormack. According to the declaration, Ms. McCormack resides in Ontario County, which is also in the Western District of New York.

2

13343037.1

residence, nor the locus of the operative facts in the case, this choice is given considerably less weight." *Employers Ins. of Wausau v. News Corp.*, No. 06-cv-1602, 2008 WL 4443899, *3 (S.D.N.Y. Sept. 29, 2008).

Based upon the foregoing, as well as for the reasons stated in Defendants' original Memorandum of Law, venue should be transferred to the Western District of New York.

## POINT II

### PLAINTIFF'S CLAIMS AGAINST AT&T SHOULD BE DISMISSED IN THEIR ENTIRETY

Plaintiff spends the majority of her memorandum of law arguing that this Court should not dismiss AT&T from the case. Plaintiff makes three arguments: (1) issues relating to an employment relationship should not be decided on a motion to dismiss; (2) the allegations in the Amended Complaint are sufficient to satisfy her pleading burden; and (3) AT&T was on notice of the alleged discriminatory and retaliatory action and failed to act.  As discussed below, Plaintiff's arguments are insufficient to keep AT&T in this case.

**A.    Plaintiff's opposition ignores the fact that AT&T Corporation has no relationship with Premier or Plaintiff**

Defendants' motion argues that the Complaint should be dismissed against named defendant "AT&T Corporation," because that entity has no relationship with Premier or Plaintiff.  Indeed, the only AT&T entity that has a relevant relationship with Premier is AT&T Mobility II, LLC, which entered into an "AT&T Exclusive Regional Dealer Agreement" with Premier. *See* Mueller Dec., Ex. A. As such, Plaintiff incorrectly named AT&T Corporation as a defendant, and her complaint against that corporate entity should be dismissed.

3

Defendants made this argument in support of their first motion to dismiss, as well as the current motion to dismiss. In spite of the fact that Plaintiff has been on notice of the fact that she sued the wrong entity, no amendment or change was made in Plaintiff's Amended Complaint. Moreover, Plaintiff's opposition to the current motion does not even address this issue. As a result, Plaintiff's complaint should be dismissed against defendant AT&T Corporation.

**B.    Courts routinely grant motions to dismiss where a complaint fails to allege facts sufficient to establish joint employment or single employer status**

In opposition to the current motion, Plaintiff argues that questions regarding joint employment or single employer status are factual issues that should not be decided on a motion to dismiss. However, Plaintiff's opposition ignores the fact that many courts have granted motions to dismiss in similar cases where plaintiffs fail to plead adequate facts to establish joint or single employer status. In addition to the cases cited in Defendants' original brief, please also see *Hugee v. SJC Group, Inc.*, No. 13-cv-0423, 2013 WL 4399226, *10 – 11 (S.D.N.Y. Aug. 14, 2013) (granting Rule 12(b)(6) motion and holding that plaintiff failed to sufficiently allege a set of facts to support his allegation that defendant was his joint employer); *Duff v. Pristine Services, Inc.*, 2021 WL 663981, *5 (S.D.N.Y. Feb. 19, 2021); *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, *4 (S.D.N.Y. Sept. 28, 2010); *Ruiz v. New Avon LLC*, 2019 WL 4601847, *14 (S.D.N.Y. Sept. 22, 2019); *Fried v. LVI Services, Inc.*, 2011 WL 2119748, *7 (S.D.N.Y. May 23, 2011).

As discussed below and in Defendants' original Memorandum of Law, the Plaintiff in this case, like the plaintiffs in the cases cited above, failed to state facts that are sufficient to warrant denial of Defendants' motion.

4

**C.  Plaintiff's opposition fails to identify any facts that would justify a finding that she was jointly employed by any AT&T entity or that AT&T and Premier are a single employer**

Plaintiff argues in opposition to the current motion that she has alleged sufficient facts to withstand a Rule 12(b)(6) motion as it relates to AT&T. However, Plaintiff's opposition fails to acknowledge the most crucial allegations, which *she* alleged in the Amended Complaint, including the following:

- Plaintiff applied for a job with Premier (¶ 22);
- Plaintiff interviewed with Premier's Human Resources Associate and Regional Manager (¶ 23);
- Plaintiff worked in Premier's Batavia and Victor stores (¶ 25);
- Plaintiff's supervisor and manager were Premier employees (¶ 26);
- Plaintiff allegedly brought complaints to Premier's Human Resources employee (¶¶ 40 - 41);
- Plaintiff was supervised by Premier employees (¶ 97);
- Plaintiff was terminated by Premier employees (¶ 97); and
- All alleged discriminatory and retaliatory conduct was engaged in by Premier employees (¶¶ 26 - 97).

The Amended Complaint does not allege that AT&T participated in Plaintiff's interview, hiring, firing or discipline. The Amended Complaint also does not allege that AT&T paid Plaintiff or had any authority to control her compensation or the terms of her employment. The Amended Complaint also does not allege that any AT&T employee participated, in any way, in the alleged discrimination or retaliation.

5

Rather than address the factual deficiencies in the Amended Complaint, in opposition to the current motion, Plaintiff provides new information, which she believes establishes a joint employment relationship. This new information includes a Coaching Action Plan ("CAP") that Plaintiff was provided by Premier to help her improve her performance, as well as the LinkedIn page for Premier employee Jeffrey Carpenter. Neither submission is sufficient to warrant denial of the present motion.

As an initial matter, Plaintiff cannot argue in good faith that the CAP shows AT&T was her joint employer. As Plaintiff is well aware, the CAP form was completed by her Premier supervisor, Courtney Sturdy, and given to her by Premier in an effort to help improve her performance. The fact that the form contains an AT&T logo does not establish any employment relationship with AT&T. Premier sells AT&T products and has AT&T's logo on its stores. This does not mean that AT&T is the joint employer of any of Premier's employees. As discussed in Defendants' original Memorandum of Law, the relationship between AT&T and Premier is analogous to a franchisor/franchisee relationship, which courts in this Circuit have consistently held does not establish joint or single employment. *See Rivers v. International House of Pancakes, et al.*, No. 20-cv-2471, 2021 WL 860590, *3 (S.D.N.Y. Mar. 8, 2021).

Similarly, the LinkedIn page for Jeffrey Carpenter does not, as Plaintiff alleges, demonstrate that employees are "shifted" between the two Defendants in this case. Mr. Carpenter's LinkedIn page provides a summary of his employment history. (Dkt. 29-2). That history includes working for AT&T Mobility from 2005 until January 2009, then for Prime Communications from February 2009 through August 2009, and then for Premier from September 2009 to the present. *Id.* This is not evidence of "shifting"

between AT&T and Premier. In fact, Mr. Carpenter worked for a completely different company between his time with AT&T and Premier, and he clearly delineates his time with each as a separate employment. *Id.*

Plaintiff also attempts to argue that she did not know who employed her supervisor, Courtney Sturdy. (Plaintiff's Memo of Law, p. 10). This argument is disingenuous, at best. Plaintiff concedes that she applied to work for Premier, interviewed with Premier's Human Resources Manager and Regional Manager, and was terminated by Premier's Vice President. Plaintiff is also able to distinguish between Premier and AT&T employees in the Amended Complaint when she specifically references AT&T employees Abby and Patty, who came to Premier's stores to work with Plaintiff on improving sales. *See* Amended Complaint, ¶¶ 62 and 63. If Plaintiff believed Mr. Sturdy was employed by AT&T, she would have made that allegation in the original or Amended Complaint. She did not. Plaintiff cannot now hide behind ignorance and claim that she did not know whether Courtney Sturdy was employed by Premier or AT&T.

Finally, Plaintiff argues that although the Amended Complaint characterizes AT&T as a "joint employer," she also intends to claim that AT&T and Premier were a "single employer." The Second Circuit has adopted a four-part test for determining whether two separate entities are a single employer, which examines the following factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Fried v. LVI Services, Inc.*, 2011 WL 2119748, *3 (S.D.N.Y. May 23, 2011) (quotations omitted). "Courts applying this four-part standard in discrimination cases have especially focused on the second factor: centralized control of labor relations. . . . The critical question in this

respect is: 'what entity made the final decisions regarding employment matters related to the person claiming discrimination?.'" *Id.*

Here, there is no question that Premier made the final determination regarding Plaintiff's employment. Plaintiff concedes that Premier made the decision in her Amended Complaint. (Amended Complaint, ¶¶ 96 – 97). Similarly, Plaintiff claims that she made a complaint to Premier Human Resources employee Mary Weiler regarding alleged discrimination. *Id.*, ¶ 41. Furthermore, Plaintiff does not, and cannot, allege that AT&T and Premier have common management or common ownership or financial control. As such, the single employer doctrine is no more helpful to Plaintiff than the joint employer doctrine.

Neither Plaintiff's Amended Complaint, nor her new "evidence" that was submitted in opposition to the current motion establishes that AT&T was her joint employer or that AT&T and Premier were a single employer. As such, Plaintiff's claims against AT&T should be dismissed in their entirety.

**D.   The Complaint fails to allege that any AT&T entity should be liable for the alleged discriminatory and retaliatory conduct**

It is undisputed that the Amended Complaint fails to include any allegation that any AT&T entity knew or should have known about Premier's allegedly discriminatory or retaliatory conduct or that AT&T had any power to control the conduct of Premier's employees. It is also undisputed that the Amended Complaint fails to allege that any AT&T entity's employees participated in discriminatory or retaliatory conduct toward Plaintiff. Indeed, all allegedly discriminatory or retaliatory conduct is attributable to Premier, and Plaintiff does not allege any conduct, knowledge or failure to act by AT&T. Based upon well-established caselaw, the Amended Complaint should therefore be dismissed as

against AT&T. *See, e.g., Coleman v. Nonni's Foods, LLC*, No. 15-cv-2791, 2015 WL 8773467, *4 (S.D.N.Y. Dec. 14, 2015) (dismissing claim against alleged joint employer where the complaint failed to allege that the joint employer knew or should have known about alleged racist conduct by employees of the other joint employer).

Confronted with the relevant caselaw, which requires dismissal of the Amended Complaint against AT&T, Plaintiff attempts to manufacture a claim by submitting the affidavit from an alleged fact witness and friend of Plaintiff named Mary Honora McCormack in opposition to the current motion. (Dkt. 28). Ms. McCormack claims that on some unknown date in 2019, she went to Premier's Victor, New York store, and that she witnessed Premier employee Courtney Sturdy engaging in conduct that she felt was offensive. *Id.*, ¶¶ 2, 4 – 7. Ms. McCormack also claims that when she got home from the Victor store, she called some unknown telephone number and spoke with some unknown customer service representative about her experience in the store. *Id.*, ¶ 10. Plaintiff claims that this affidavit demonstrates that AT&T was on notice of the alleged discriminatory conduct and failed to take corrective measures within its control. Plaintiff's argument fails for several reasons.

First, Ms. McCormack's Declaration does not establish that AT&T knew anything about Plaintiff's alleged claims. It does not state when Ms. McCormack made the alleged call, what number she called or who she spoke with. It is not even clear from the Declaration that Ms. McCormack spoke with anyone from AT&T. This cannot be sufficient to meet Plaintiff's burden.

Second, even if AT&T received the alleged phone call from Ms. McCormack, Plaintiff does not, and cannot, make any allegation that AT&T had any

9

authority to take corrective action against Mr. Sturdy.  It is not disputed that Mr. Sturdy is an employee of Premier.  As such, AT&T had no authority to discipline Mr. Sturdy or take any corrective action against him. This is because AT&T was not Mr. Sturdy's employer and had no control over him, as demonstrated by the Agreement between AT&T and Premier. *See* Mueller Dec., Ex. A

Finally, Plaintiff argues that AT&T must have known about Mr. Sturdy's alleged discriminatory conduct because when Plaintiff allegedly made a complaint to Premier Human Resources employee Mary Weiler via instant messenger, Ms. Weiler allegedly said that she did not know who was monitoring the conversation.  Plaintiff argues that Ms. Weiler's alleged statement "permit[s] an inference of AT&T's involvement." (Plaintiff's Memo of Law, p. 11).   It is not clear how Plaintiff makes the inference that AT&T had any involvement in this alleged conversation.  Plaintiff does not allege that Ms. Weiler stated that AT&T was monitoring the conversation, or that any AT&T employee had access to the conversation.  Rather, Plaintiff alleges that Ms. Weiler stated that she did not know who was monitoring the conversation. (Amended Complaint, ¶ 42).  This allegation does not implicate AT&T in any way.

The fact that Plaintiff attempts to use this alleged conversation as proof of AT&T's alleged involvement is telling. Plaintiff clearly has no facts on which to base her claim that AT&T knew about Plaintiff's allegations of discrimination, or that AT&T had any authority to control Premier's employees. As a result, the Amended Complaint should be dismissed in its entirety as against AT&T. *Conde v. Sisley Cosmetics USA, Inc.*, No. 11-cv-4010, 2012 WL 1883508, *5 (S.D.N.Y. May 23, 2012).

## **CONCLUSION**

Based on the foregoing, as well as for the reasons stated in Defendants' original memorandum of law, venue of this matter should be transferred to the United States District Court for the Western District of New York, and Plaintiff's claims against AT&T Corporation (or any AT&T entity) should be dismissed in their entirety.

Dated:  November 22, 2021                                  BOND, SCHOENECK & KING, PLLC


By:   /s/ Adam P. Mastroleo
            Adam P. Mastroleo, Esq.
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8139
Facsimile: (315) 218-8100
Email: amastroleo@bsk.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2021, I electronically filed the foregoing Memorandum of Law in Further Support of Defendants' Motion for change of Venue and to Dismiss with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Megan Sarah Goddard, Esq.
> Goddard Law, PLLC
> 39 Broadway, Suite 1540
> New York, New York  10006
> (Megan@goddardlawnyc.com)
>
> Anthony P. Consiglio, Esq.
> Goddard Law, PLLC
> 39 Broadway, Suite 1540
> New York, New York  10006
> (anthony@goddardlawnyc.com)
>
> *Attorneys for Plaintiff*

Dated:  November 22, 2021

                                          /s/Adam P. Mastroleo
                                              Adam P. Mastroleo

13343037.1